IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ROBERT L. COLLINS BEY,

        Plaintiff,

v.

GARY H. HAMBLIN, MICHAEL MEISNER, TIM DOUMA, JANEL NICKEL, TONEY ASHWORTH, CAPTAIN TRATTELS, CAPTAIN D. MORGAN, R. TETZLAFF, AND MARY LEISER,

        Defendants.

OPINION & ORDER

17-cv-784-jdp

---

Plaintiff Robert L. Collins Bey, appearing pro se, is an inmate at the Wisconsin Secure Program Facility. He has filed this civil lawsuit under 42 U.S.C. § 1983, alleging that prison officials violated his constitutional right to due process in a conduct-report proceeding that led to him being placed in segregation for a year. The court has already ruled that Collins Bey may proceed without any prepayment of the filing fee.

Before screening the complaint, I will address a preliminary matter. Collins Bey has filed a letter asking the clerk of court whether the court allows parties to consent to a magistrate judge hearing cases, and if it does, for the court to send him consent forms to fill out in this case and another pending case, no. 17-cv-293-jdp. Dkt. 10. There is no need for the court to go through the process of sending Collins Bey consent forms because I will construe his letter as his notice consenting to the magistrate judge.

Under 28 U.S.C. § 636(c)(1), the district court may refer a case to a magistrate judge when all parties agree to do so. The defendants have not yet been served, but it is likely that the Wisconsin Department of Justice would accept service over all of the defendants, and the DOJ has already agreed to consent to Magistrate Judge Crocker in this court's prisoner cases.

But even if defendants consented, the court retains discretion to retain jurisdiction over a case even when both sides consent to a magistrate judge's jurisdiction. I see no reason to transfer the case to Magistrate Judge Crocker, and one significant reason to keep the case: Collins Bey is already in the process of litigating another case before me, no. 13-cv-618. There is no reason to split his cases among the judges of this district, so I will deny his request to have the magistrate judge hear the case.

The next step is for me to screen Collins Bey's complaint and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for monetary damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. §§ 1915 and 1915A. I must read Collins Bey's pro se complaint generously. *See Haines v. Kerner*, 404 U.S. 519, 521 (1972) (per curiam).

Collins Bey alleges that he was given a conduct report in which he was charged with battery of his cellmate. He contends that there were numerous procedural problems with the conduct-report proceedings, such as not being given enough time to prepare, not being allowed to have his witnesses attend the hearing, and being convicted on insufficient evidence.

Collins Bey's allegations might state claims against some of the officials involved in his conduct-report proceedings, but there is a fatal flaw with the bulk of his claims: the conduct report-proceedings, including his appeal of the conviction, concluded in September 2011, which immediately prompts me to consider the applicable statute of limitations. A statute-of-limitations defense is an affirmative defense, but a district court may dismiss a complaint if a party pleads enough information to show that the complaint is untimely. *United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005); *Gleash v. Yuswak*, 308 F.3d 758, 760–61 (7th Cir. 2002).

Section 1983 does not have a limitations period. Instead, "to determine the proper statute of limitations for § 1983 actions, a federal court must adopt the forum state's statute of limitations for personal injury claims." *Ashafa v. City of Chicago*, 146 F.3d 459, 461 (7th Cir. 1998) (citing *Wilson v. Garcia*, 471 U.S. 261, 276 (1985)). The relevant statute of limitations here is six years. *See* Wis. Stat. § 893.53 (six-year limit for "Action for injury to character or other rights"); *Malone v. Corr. Corp. of Am.*, 553 F.3d 540, 542 (7th Cir. 2009) (federal courts generally apply Wisconsin's six-year limitations period to § 1983 claims). Collins Bey's complaint is dated October 11, 2017. For his claims to be timely, they must have accrued—in other words, the statute of limitations must have started running—no earlier than October 11, 2011.

Although Wisconsin's limitation period applies, federal law governs when Collins Bey's claims accrued. *Kelly v. City of Chicago*, 4 F.3d 509, 511 (7th Cir. 1993) (citing *Wilson v. Giesen*, 956 F.2d 738, 740 (7th Cir. 1992)). A § 1983 claim accrues "when the plaintiff has 'a complete and present cause of action,' that is, when 'the plaintiff can file suit and obtain relief[.]'" *Wallace v. Kato*, 549 U.S. 384, 388 (2007) (quoting *Bay Area Laundry and Dry Cleaning Pension Tr. Fund v. Ferbar Corp. of Cal.*, 522 U.S. 192, 201 (1997)). Collins Bey's due process claims appear to have accrued when the alleged violations occurred in his conduct-report proceedings. Therefore, all of his claims directly about constitutional violations within the conduct-report proceedings appear to be time barred.

To save these due process claims, Collins Bey will need to explain how his complaint is timely. Unless he can show that any of the factual premises in this opinion regarding the timeline of events are incorrect, his only option is to make a case for equitable tolling.

3

"Equitable tolling permits a plaintiff to avoid the bar of the statute of limitations if despite the exercise of all due diligence he is unable to obtain vital information bearing on the existence of his claim." *Shropshear v. Corp. Counsel of City of Chi.*, 275 F.3d 593, 595 (7th Cir. 2001). In the context of § 1983 claims, "the state, rather than the federal, doctrine of equitable tolling governs[.]" *Id*. at 596. Although Wisconsin case law on equitable tolling is sparse, it is clear that, as in *Shropshear*, tolling is available only when the plaintiff's failure to meet a filing deadline is out of the plaintiff's control or occurred despite the plaintiff's due diligence. *See, e.g.*, *State ex rel. Griffin v. Smith*, 2004 WI 36, ¶ 38, 270 Wis. 2d 235, 677 N.W.2d 259 ("[p]rovided that the petitioners timely pursue relief," time limit for filing writ of certiorari is equitably tolled where counsel promises to file writ but fails to do so); *State ex rel. Nichols v. Litscher*, 2001 WI 119, 247 Wis. 2d 1013, 635 N.W.2d 292 (30-day deadline for petition for review tolled on date pro se prisoner delivers correctly addressed petition to proper prison authorities for mailing); *see also Winston v. Pamela H.*, No. 16-cv-610-jdp, 2016 WL 6808181, at *2 (W.D. Wis. Nov. 17, 2016) (equitable tolling did not apply to plaintiff alleging sexual abuse at Lincoln Hills 20 years before filing lawsuit). I will give Collins Bey a chance to respond to this order, explaining whether equitable tolling applies to his conduct-report claims, or whether there is some other reason to reconsider the discussion above regarding the statute of limitations.

Collins Bey has also filed a motion asking for the court to appoint him counsel. Dkt. 6. I will deny his motion for now. Litigants in civil cases do not have a constitutional right to counsel, and I do not have the authority to appoint counsel to represent a pro se plaintiff in a civil matter. Rather, I can only assist in recruiting counsel who may be willing to serve voluntarily. *See* 28 U.S.C. § 1915(e)(1); *Pruitt v. Mote*, 503 F.3d 647, 654, 656 (7th Cir. 2007)

(en banc). To prove that assistance in recruiting counsel is necessary, this court generally requires that a pro se plaintiff: (1) provide the names and addresses of at least three lawyers who have declined to represent him in this case; and (2) demonstrate that his is one of those relatively few cases in which it appears from the record that the legal and factual difficulty of the case exceeds his demonstrated ability to prosecute it. *Id*. at 655; *see also Young v. Cramer*, No. 13-cv-077, 2013 WL 5504480, at *2 (W.D. Wis. Oct. 3, 2013). Collins Bey says that three law firms have turned him down. That is sufficient to meet this part of the test.

The second requirement for assistance in recruiting counsel requires a plaintiff to demonstrate that the legal and factual difficulty of the case exceeds his ability to prosecute it. It is too early to tell whether the case will be too complex for Collins Bey to handle. He states that he suffers from mental illness that will prevent him from litigating the case. I allowed his court-recruited attorneys to withdraw in the '618 case after he sexually harassed them, so I am not inclined to recruit counsel for him unless it is absolutely necessary. Given his coherent submissions in this and his other cases, and the relatively straightforward nature of his due process claims here, I am not convinced that this litigation will be too difficult for him. I will dismiss his motion without prejudice. For now, his task is to address the statute-of-limitations issue.

ORDER

IT IS ORDERED that:

1. Plaintiff Robert L. Collins Bey's motion regarding consent to a magistrate judge, Dkt. 10, is DENIED.

2. Plaintiff may have until July 12, 2018, to show cause as to why his due process claims related to his 2011 conduct report proceedings should not be dismissed as time barred.

3. Plaintiff's motion for the court's assistance in recruiting him counsel, Dkt. 6, is DENIED without prejudice.

Entered June 21, 2018.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge