IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ROBERT L. COLLINS BEY,

                          Plaintiff,

   v.

TONEY ASHWORTH and CAPTAIN TRATTELS,

                          Defendants.

ORDER

17-cv-784-jdp

---

       Plaintiff Robert L. Collins Bey, appearing pro se, is an inmate at the Wisconsin Secure Program Facility. He alleges that prison officials violated his constitutional right to due process in a disciplinary proceeding that led to him being placed in segregation for a year.

       I screened Collins Bey's complaint and dismissed most of his due process claims because the Due Process Clause requires only that he receive "'informal, nonadversarial due process.'" Dkt. 14, at 2–3 (quoting *Westefer v. Neal*, 682 F.3d 679, 684 (7th Cir. 2012)). Most of the alleged deficiencies in his disciplinary proceedings, such as false evidence being used against him, his advocate's failure to assist him, or his inability to call witnesses, are not issues that could support due process claims. I allowed him to proceed on claims against Toney Ashworth and Captain Trattels for failing to act as neutral decisionmakers. *Id.* at 3–4.

       Collins Bey has filed a motion for reconsideration of my order screening his complaint. Dkt. 15. He contends that I applied an incorrect due process standard for administrative-confinement proceedings to his disciplinary-segregation case, but he is mistaken that this is the relevant distinction for due process cases. He would be entitled to greater due process protections had he lost good-time credits or the possibility of parole. *See Wolff v. McDonnell*, 418 U.S. 539 (1974) (discussing due process protections for prisoner facing loss of good-time

credits). A year in segregation is not a minor punishment, but it is well settled that prisoners facing a change in placement as opposed to the length of his incarceration are entitled only to less formal procedures. *Westefer*, 682 F.3d at 685 n.2.

Collins Bey also contends that I held him to a heightened pleading standard beyond that set forth in Federal Rule of Civil Procedure 8. He says that he has pleaded enough by stating that each of the defendants "played more than an 'administrative role' in writing, framing, and disciplining plaintiff while knowingly and intentionally depriving plaintiff of the procedural safeguards which he was due." Dkt. 15, at 3. Under Rule 8, Collins Bey was required to explain what each defendant did to violate his rights. He did so, but as I stated above, he incorrectly believes that he is entitled to more procedural safeguards than cases like *Westefer* discuss.

Collins Bey also raises a handful of arguments about specific claims. He says that I incorrectly denied him leave to proceed on due process claims against supervisory officials: Associate Warden Tim Douma denied Collins Bey's disciplinary appeal despite Collins Bey telling him about the procedural violations, Warden Michael Meisner denied an inmate grievance about the procedural violations, and DOC Secretary Gary Hamblin did not respond to a letter Collins Bey sent him.

In my screening order I stated that "I am not aware of caselaw supporting the idea that an appellate authority or supervisor commits an independent due process violation simply by failing to correct a procedural error in a disciplinary proceeding." Dkt. 14, at 3. Under either *Wolff* or *Westefer*, there is no due process right to an appeal, much less a procedurally sound appeal. But Collins Bey argues that these supervisors could still be held liable for their own complicity in Ashworth and Trattels's decision by approving it. *See Matthews v. City of East St.*

*Louis*, 675 F.3d 703, 708 (7th Cir. 2012) (supervisors could be personally involved in a constitutional deprivation if they "know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see"). Collins Bey persuades me that he may bring due process claims against Douma and Meisner for failing to intervene after being alerted about Ashworth and Trattels's bias. But to win on these claims, he will have to show that they believed that Ashworth and Trattels were biased and chose not to intervene. It will not be enough to show that he did not commit the offense, or that defendants were negligent in reviewing the appeal or grievance.

I will not allow Collins Bey to proceed on a claim against Secretary Hamblin, because high-level prison officials cannot be held liable for every misdeed in the prison system based solely on receiving a letter from a prisoner; they have the right to delegate authority over those decisions to the formal channels laid out in the state regulations. *See Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009) ("[The plaintiff's] view that everyone who knows about a prisoner's problem must pay damages implies that he could write letters to the Governor of Wisconsin and 999 other public officials, demand that every one of those 1,000 officials drop everything he or she is doing in order to investigate a single prisoner's claims, and then collect damages from all 1,000 recipients if the letter-writing campaign does not lead to better medical care. That can't be right.").

Collins Bey states that he would like to bring claims under two other theories. First, he says that he would like to bring a "class of one" equal protection claims against defendants for singling him out for mistreatment. A plaintiff may bring a "class-of-one" equal protection claim for being treated "intentionally . . . differently from others similarly situated" for no rational reason. *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 799 (7th Cir. 2015) (quoting *Vill. of*

3

*Willowbrook v. Olech*, 528 U.S. 562, 564 (2000)). But class-of-one claims are generally disfavored in the prison context, at least where they involve discretionary decision-making by prison officials. *See, e.g.*, *Taliaferro v. Hepp*, No. 12-cv-921, 2013 WL 936609, at *6 (W.D. Wis. Mar. 11, 2013) ("[C]lass-of-one claims are likely never cognizable in the prison disciplinary context . . . ."). And this claim adds nothing to the case; it is merely a restatement of his due process claim that the decisionmaker in his disciplinary hearing was biased against him. Because there is no reason to expand the complexity of this case by adding class-of-one claims, I will deny his request.

Finally, Collins Bey wishes to bring Eighth Amendment claims against the officials who placed him in segregation for a year, calling it "torture." Dkt. 15, at 11. But his allegations concerned the procedures used to send him to segregation, not the actual conditions of confinement he encountered in segregation. So as I stated in the screening order, he does not state an Eighth Amendment claim.

ORDER

IT IS ORDERED that:

1. Plaintiff Robert L. Collins Bey's motion for reconsideration of the court's November 16, 2018 order screening his complaint, Dkt. 15, is GRANTED in part as stated in the opinion above.

2. Plaintiff is GRANTED leave to proceed on due process claims against defendants Ashworth, Trattels, Douma, and Meisner.

3. Defendants Douma and Meisner are added to the caption. The Department of Justice may have 21 days to accept service on behalf of these defendants.

Entered December 3, 2018.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge