IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ROBERT L. COLLINS BEY,

                Plaintiff,

v.                                                                   ORDER

TONEY ASHWORTH, CAPTAIN TRATTELS,            17-cv-784-jdp
TIM DOUMA, and MICHAEL MEISNER,

                Defendants.

---

Plaintiff Robert L. Collins Bey, appearing pro se, is an inmate at the Wisconsin Secure Program Facility. He alleges that prison officials violated his constitutional right to due process in a conduct-report proceeding that led to him being placed in segregation for a year.

I screened Collins Bey's complaint and dismissed most of his due process claims because the Due Process Clause requires only that he receive "'informal, nonadversarial due process.'" Dkt. 14, at 2–3 (quoting *Westefer v. Neal*, 682 F.3d 679, 684 (7th Cir. 2012)). Most of the alleged deficiencies in his disciplinary proceedings, such as false evidence being used against him, his advocate's failure to assist him, or his inability to call witnesses, are not issues that could support due process claims. I allowed him to proceed on claims against Toney Ashworth and Captain Trattels for failing to act as neutral decisionmakers. *Id.* at 3–4. I later granted Collins Bey's motion for reconsideration in part, reversing my previous decision to dismiss his claims against defendants Tim Douma and Michael Meisner, who reviewed the disciplinary committee's decision. *See* Dkt. 16. I concluded that he could bring due process claims against Douma and Meisner for failing to intervene after being alerted about Ashworth and Trattels's bias. *Id.* at 2–3.

Now Collins Bey has filed another motion for reconsideration, seeking reinstatement of due process, equal protection, and Eighth Amendment claims that he originally attempted to bring. Dkt. 21. But I will deny it because nothing in the motion persuades me that there are more claims that Collins Bey may bring in this case. Most importantly, I again conclude that Collins Bey's claims belong under the Due Process Clause, and because he is challenging a disciplinary determination that does not involve the loss of good-time credits, he is entitled to only the informal due process rights discussed in *Westefer* and my previous orders.

Collins Bey says that I have held him to too stringent of a pleading standard and that he needs to submit an amended complaint. He is incorrect that I have applied the wrong pleading standard. He is free to file an amended complaint, which I will then screen under the Prison Litigation Reform Act and the Federal Rules of Civil Procedure to determine whether his amendment is appropriate and whether he states new claims for relief.

ORDER

IT IS ORDERED that plaintiff Robert L. Collins Bey's motion for reconsideration, Dkt. 21, is DENIED.

Entered January 30, 2019.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge