IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ROBERT L. COLLINS BEY,

              Plaintiff,

v.                                                           ORDER

TONEY ASHWORTH, CAPTAIN TRATTELS,           17-cv-784-jdp
TIM DOUMA, and MICHAEL MEISNER,

              Defendants.

---

Plaintiff Robert L. Collins Bey, appearing pro se, is an inmate at the Wisconsin Secure Program Facility. He alleges that prison officials violated his constitutional right to due process in a conduct-report proceeding that led to him being placed in segregation for a year. He contended that there were numerous procedural problems with the conduct-report proceedings, such as not being given enough time to prepare, not being allowed to have his witnesses attend the hearing, and being convicted on insufficient evidence.

I screened Collins Bey's complaint and dismissed most of his due process claims because the Due Process Clause requires only that he receive "'informal, nonadversarial due process.'" Dkt. 14, at 2–3 (quoting *Westefer v. Neal*, 682 F.3d 679, 684 (7th Cir. 2012)). Between the initial screening order and an order granting Collins Bey reconsideration of that order, I allowed him to proceed on claims against Toney Ashworth and Captain Trattels for failing to act as neutral decisionmakers, and against defendant reviewers Tim Douma and Michael Meisner for failing to intervene after being alerted about Ashworth and Trattels's bias. *See* Dkt. 14 and Dkt. 16. Collins Bey continued to press additional claims, but I told him that his current allegations supported only the claims against Ashworth, Trattels, Douma, and Meisner; he

would have to file an amended complaint if he wanted to bring additional claims. Dkt. 23, at 2.

Collins Bey has now submitted a proposed amended complaint. Dkt. 24. Under Federal Rule of Civil Procedure 15(a)(2), I "should freely give [a plaintiff] leave [to amend] when justice so requires." But because Collins Bey's proposed amended complaint does not state any new claims for relief, I will deny him leave to amend. Collins Bey does not directly explain what he has changed in the new complaint; I identify the following changes below.

Collins Bey now says that in addition to being sentenced to segregation status for about a year, his placement in segregation caused him to lose the ability to earn good-time credits. I take him to be saying that this loss of the potential to accrue good-time credit means that he was entitled to more extensive due process protections than those discussed in *Westefer*, and therefore he should be allowed to proceed on additional due process claims about the various ways that officials failed to follow state procedures in his disciplinary process. But this court has previously held that prisoners are not deprived of a liberty interest when they lose the ability to earn good-time credits because of a segregation placement. *Wheeler v. Dep't of Corr.*, No. 03-cv-576-bbc, 2003 WL 23100288, at *5 (W.D. Wis. Nov. 14, 2003) (citing *Higgason v. Farley*, 83 F.3d 807, 809–10 (7th Cir. 1996) (denying inmate access to educational program for which he would be eligible for good-time credits did not infringe liberty interest)). Because there is no liberty interest associated with the loss of the ability to earn good-time credits—as opposed to the elimination of good time already earned—Collins Bey's claims are still limited to claims about deprivations of the informal process guaranteed by *Westefer*.

Collins Bey attempts to bring a claim against defendant Mary Leiser for acting against his interest as his staff advocate, going so far as to say that he was guilty at the hearing. But

due process does not require prison officials to appoint a lay advocate to assist inmates during disciplinary hearings unless the inmate is illiterate or where the complexity of the issues makes it nearly impossible for the inmate to respond to the charges on his own. *Wilson-El v. Finnan*, 263 F. App'x 503, 506 (7th Cir. 2008)). Collins Bey does not allege that this is the case, so he has no claim against Leiser regardless of her effectiveness as an advocate.

Collins Bey attempts to bring claims against all of the defendants for working together against him. He says that defendant prison officials have "initiated and carried out a campaign of retaliatory actions" against him because in 1982 he was convicted of killing two police officers. Dkt. 24, at 5. He says that he is innocent of those crimes, but that DOC officials have labeled him as a "cop killer" and have singled him out for harassment ever since. But with the exception of defendant Douma—against whom he has already stated a claim—Collins Bey does not allege what each defendant did to participate in this "campaign," or how he knows that each of the defendants took an adverse action against him for the purpose of retaliating against him. Conspiracy claims must be pleaded with specificity and cannot rest on vague, ill-defined allegations. *See Ryan v. Mary Immaculate Queen Ctr.*, 188 F.3d 857, 860 (7th Cir. 1999). Without allegations tying each defendants' conduct together as part of an overarching scheme, his claims against each defendant is limited to that defendant's direct conduct. As discussed in my previous orders, most of defendants' alleged misconduct in the disciplinary process does not support a due process claim because of the limited due process protections he is afforded under *Westefer*.

The fact that Collins Bey calls defendants' actions retaliatory does not change this. His allegations do not support any First Amendment retaliation claims because he does not allege

that defendants harmed him because of his protected speech; he says that they treated him poorly because of the nature of his conviction.

ORDER

IT IS ORDERED that plaintiff Robert L. Collins Bey's motion for leave to amend his complaint, Dkt. 24, is DENIED.

Entered August 28, 2019.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge