IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

ROBERT L. COLLINS BEY,

                Plaintiff,

v.

ANTHONY ASHWORTH and GARRIE TRATTLES,

                Defendants.

OPINION and ORDER

17-cv-784-jdp

    Plaintiff Robert L. Collins Bey alleges that officials at Columbia Correctional Institution violated his constitutional right to due process in a disciplinary proceeding that led to him being placed in segregation for about a year. I granted in part and denied in part defendants' motion for summary judgment, dismissing two defendants and leaving only claims that defendant hearing examiners Anthony Ashworth and Garrie Trattles were biased against Collins Bey. Dkt. 50. Collins Bey filed a motion for reconsideration of some aspects of my summary judgment opinion, which I denied. Dkt. 58.

    Now defendants have filed their own motion for reconsideration of that decision, saying that at a deposition following my summary judgment opinion, Collins Bey withdrew part of his declaration supporting his claims that defendants were biased decisionmakers. Dkt. 65. Alternatively, defendants seek dismissal of the case as a sanction for Collins Bey fabricating evidence at the summary judgment stage. Dkt. 66. Collins Bey has filed his own motion for sanctions, arguing that defendants falsely accuse him of fabricating evidence and that they misleadingly quoted a key portion of the disciplinary decision. I will deny both sides' motions for sanctions. After reconsidering the remaining evidence following Collins Bey's clarification

of his declaration testimony, I will grant defendants' motion for reconsideration, grant them summary judgment on the remaining claims, and dismiss the case.

A. **Withdrawal of counsel**

As an initial matter I will consider a motion to withdraw filed by Collins Bey's counsel, Attorney Robert N. Meyeroff. Dkt. 62. Following my summary judgment opinion, Collins Bey obtained Meyeroff to represent him. After the parties did not settle the case at the mediation, Meyeroff moved to withdraw from his representation, saying that Collins Bey "told me I had handled his case incompetently and made other statements directed at me which make it impossible for me to represent him any further." Dkt. 62, at 2. Collins Bey responded that he needed legal loan funds to respond to Meyeroff's motion and that in any event he would like new court-recruited counsel. Defendants responded that Collins Bey had been given information about how to apply for a new legal loan. Collins Bey did not follow up with a formal response to Meyeroff's motion but he did respond pro se to defendants' motions for reconsideration and for sanctions and he also filed his own motion for sanctions. I will grant Meyeroff's motion to withdraw. Nothing in Collins Bey's submissions suggest that the court needs to take the rare step of intervening in the legal loan issue, nor is there any reason to consider recruiting new counsel for Collins Bey to litigate the pending motions; Collins Bey has adequately represented himself. Ultimately the problem for Collins Bey is not that he is now unrepresented, but that his deposition testimony clarifies the evidence in a way that entitles defendants to summary judgment.

B. **Background**

Collins Bey's only claims surviving defendants' summary judgment motion are his due process claims that defendant hearing examiners Ashworth and Trattles were biased against

him when they convicted him of battery of another inmate. Among the evidence presented at the disciplinary hearing was the alleged victim's translated statement that Collins Bey attacked him, photos showing the victim's injuries, and the conduct report stating that an officer saw Collins Bey jump into his bunk when the officer arrived. Collins Bey denied that he attacked the other inmate.

At summary judgment, I discussed three key pieces of evidence supporting Collins Bey's claim that Ashworth and Trattles were biased against him. First, it was undisputed that the "reason for decision" section of defendants' written disciplinary hearing report included a statement "that the inmate admits to 303" despite Collins Bey insisting that he was innocent. Dkt. 33-1, at 2. Defendants say that this statement was erroneously left in Collins Bey's report as they wrote over a previous hearing report including that language. Second, Collins Bey stated in his declaration that defendants "told [him] at the full due process hearing that he had admitted to the battery." Dkt. 42, ¶ 31. Third, Collins Bey stated that after defendants assessed him a 360-day disciplinary segregation penalty, they told him, "Now you can go back to Boscobel [site of the Wisconsin Secure Program Facility (WSPF)] where you belong." *Id.*, ¶ 41. Defendants denied that they made either of those oral statements to Collins Bey, but at the summary judgment stage I had to accept Collins Bey's version of events. I concluded that this evidence was enough to deny defendants' motion for summary judgment, stating that a jury could reasonably infer that defendants were indeed biased against Collins Bey because they thought he belonged in segregation no matter what the evidence showed, going so far to fabricate an admission as part of their written decision. *See* Dkt. 50, at 13.

Defendants now move for reconsideration of that decision, stating that at his deposition following my summary judgment opinion, Collins Bey recanted his previous statement that

3

defendants told him during the hearing that he had admitted to the battery. More specifically, the parties had the following exchanges:

> Q: You also state in your declaration and your briefing that either Anthony Ashworth or Gary Trattels said to you that you admitted that you assaulted Mario. Do you recall that?
>
> A: If I said that, then that's not a true statement. I didn't say it in the hearing. It said it on the document that I received. So if that's in my affidavit, then that's an incorrect statement in my affidavit, and I would like to rescind it at this time because that ain't what happened. They said in the documentation that I admitted to guilt.
>
> Q: So at no time during the hearing did they say that you admitted that you assaulted Mario?
>
> A: Yes, that is correct, to my recollection.
>
> . . . .
>
> Q: [Collins Bey's declaration] says, "Defendants Trattels and Defendant Ashworth told your affiant," that would be you, "At the full due process hearing that he had admitted to the battery against Mr. Pineda-Gaeta, which your affiant had not done."
>
> A: That's right.
>
> Q: It's your testimony that that's not true?
>
> A: That's not true. It was stated in the paperwork that I had done it, you know what I'm saying, but I don't recall, you know what I'm saying, either one of them telling me that at the hearing. I don't—to be honest, I don't recall even getting a decision of what happened at the hearing.

Collins Bey Dep., Dkt. 64, at 37–38, 51.

Defendants now ask for reconsideration of my decision denying their motion for summary judgment on the due process claims against them, arguing that there is no longer any evidence of any action on their part before they considered the evidence and found Collins Bey guilty to suggest that they were biased decisionmakers. Alternatively, defendants ask me to

4

dismiss the case to sanction Collins Bey for lying in his declaration that defendants told him during the hearing that he had admitted to the battery. *See* Dkt. 66. In response, Collins Bey has filed his own motion for sanctions. Dkt. 73.

**C. Motions for sanctions**

I will address the parties' cross-motions for sanctions first, and I will deny both motions. The court has the inherent authority to sanction a party that has "'willfully abused the judicial process or otherwise conducted litigation in bad faith.'" *Fuery v. City of Chicago*, 900 F.3d 450, 463 (7th Cir. 2018) (quoting *Tucker v. Williams*, 682 F.3d 654, 661–62 (7th Cir. 2012)).

Defendants explain why they think that Collins Bey lied when he included in his declaration a statement that defendants "told" him that he had admitted to the battery. They argue that at his deposition, Collins Bey admitted that his declaration statement was false. Defendants note further that Collins Bey filed a motion for reconsideration in this court in which he argued that I made various factual errors in my summary judgment opinion but he did not mention the material error supporting his claim—that defendants orally stated that he had admitted to the battery. Defendants also suggest that Collins Bey recklessly included false material because he submitted his declaration without double-checking it for accuracy: in his deposition, Collins Bey admitted that another inmate prepared the declaration and that Collins Bey signed it and mailed it without completely reviewing it. *See* Collins Bey Dep., Dkt. 64, at 44–47.

Collins Bey responds that his deposition testimony did not contradict his declaration, but rather clarified it: his declaration statement that defendants "told" him that he admitted to the battery didn't mean that defendants *orally* told him that. Rather, he was referring to defendants' written statement in the disciplinary hearing report that he admitted to the battery.

5

Defendants argue that this explanation isn't credible in light of the common meaning of the word "told," its placement in the declaration alongside events that occurred during the hearing, the fact that that Collins Bey didn't double-check the finished declaration before submitting it, and that he didn't point out the error in his own motion for reconsideration.

The parties' briefing doesn't conclusively show that Collins Bey lied in his declaration. At his deposition, Collins Bey didn't concede that he made a *false* statement in his declaration; he stated that it was *incorrect* to say that defendants made an oral statement about his admission to the battery. Collins Bey's explanation that he was referring to the written statement in the disciplinary report is a plausible explanation for the discrepancy even if it is not the most reasonable explanation; I agree with defendants that the most reasonable inference from his use of the word "told" and the statement's placement in the context of his declaration was that he was referring to an oral statement made by defendants during the hearing, separate from the written statement later included in the disciplinary report. That's why I referred to defendants' oral statement and written statement as two separate pieces of evidence supporting his due process claim. But I cannot make a credibility determination on the parties' briefs. And in light of my decision below to grant defendants' motion for reconsideration and dismiss the case on the merits, there isn't any need to hold a hearing to assess Collins Bey's credibility further.

Defendants' other arguments do not support sanctions either. Defendants do not cite any authority suggesting that it would be appropriate to sanction a pro se litigant for failing to point out a factual mistake made in his favor in a motion or reconsideration. And Collins Bey's failure to fully review his declaration prepared by a jailhouse layer suggests sloppiness but does not support dismissal as a sanction. So I will deny defendants' motion for sanctions.

Turning to Collins Bey's cross-motion, he argues that defendants should be sanctioned for alleging that he lied in his declaration. Collins Bey also argues that defendants misrepresented their written statement in their summary judgment materials to deceive the court. Defendants stated that the error was the phrase "the inmate admits to 303"; Collins Bey notes that defendant omitted the beginning of the statement: the entire statement reads, "Hearing committee reviewed all testimony and evidence, and notes that the inmate admits to 303." Dkt. 33-1, at 2. Collins Bey asks that I "dismiss" the case as a sanction against the defendants, by which I take him to be asking for judgment in his favor.

I will deny Collins Bey's motion for sanctions. There was nothing improper about defendants arguing that Collins Bey lied in his declaration because the most reasonable inference from the record is that Collins Bey was indeed referring to an oral statement made by defendants during the hearing, separate from the written statement included in the disciplinary report. And his argument that defendants' summary judgment materials misrepresented the underlying evidence is entirely unpersuasive. He doesn't explain how defendants quoting only the language "the inmate admits to 303" mischaracterizes the entire sentence in which that phrase appears, or how that mischaracterization would benefit defendants, and I cannot conceive of a possible benefit to defendants. The rest of the sentence that defendants do not quote actually supports their contention that they inadvertently included that sentence from a previous disciplinary report: the phrase "Hearing committee reviewed all testimony and evidence" is clearly boilerplate that would carry over from hearing to hearing. Defendants did nothing to merit sanctions.

**D. Defendants' motion for reconsideration**

That leaves defendants' motion for reconsideration of my summary judgment opinion in light of Collins Bey's new deposition testimony. This court retains the power to reconsider its previous decisions. *See* Fed. R. Civ. P. 54(b) (courts may revise interlocutory decisions "at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities"). The court will grant a motion under Rule 54(b) only when necessary "to correct manifest errors of law or fact or to present newly discovered evidence." *Woods v. Resnick*, 725 F. Supp. 2d 809, 827–28 (W.D. Wis. 2010) (quoting *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987)).

There were three key pieces of evidence supporting a claim that defendants were biased decisionmakers: (1) defendants' written statement that Collins Bey admitted to the battery; (2) defendants' oral statement that he admitted to the battery; and (3) defendants' oral statement that he could go back to Boscobel where he belonged. But Collins Bey's deposition testimony now makes clear that there was no oral statement from defendants that he admitted to the battery.

And the lack of an oral statement that Collins Bey admitted to the battery casts the written version of that statement in a new light. At summary judgment, defendants argued that the written statement appeared on the disciplinary report in error as a result of their practice of overwriting the "reason for decision" section from a previous report. I stated that the contemporaneous evidence supported defendants' contention, because Collins Bey clearly denied the charge, and defendants did not immediately end their deliberations with his purported admission. Dkt. 50, at 11. Instead, defendants went on to discuss the various evidence and compare the credibility of witnesses' testimony before concluding that the victim

8

was telling the truth and that Collins Bey was not. *Id.* The vague statement that Collins Bey "admits to 303" also suggests that the statement is boilerplate because it doesn't include the specific section of Wis. Admin. Code Ch. 303 that Collins Bey was accused of violating. Nonetheless, the additional, oral statement by defendants that Collins Bey admitted to the battery raised a reasonable inference that the written statement was not an error by defendants: if defendants had made a false oral statement about Collins Bey's admission, a reasonable jury could have concluded that defendants also intentionally and falsely wrote that Collins Bey admitted to the battery. But without the oral statement corroborating that defendants intended to falsely state that Collins Bey admitted to the battery, the only reasonable inference from the remaining record is that defendants' written statement was an error rather than an intentional attempt at falsifying the disciplinary record. Thus, the erroneous written statement is not evidence of defendants' bias. This means that there is no longer evidence to suggest that defendants fabricated an admission of guilt as part of their disciplinary decision.

That leaves only defendants' statement—made after sentencing Collins Bey to a year of segregation—that he could now go back to Boscobel where he belonged. Defendants call the statement "a reflection that inmates who assault cellmates are often transferred to WSPF and, because they found him guilty of assaulting his cellmate, he belonged in the more controlled setting at WSPF." Dkt. 65, at 12. I don't have to accept defendants' characterization of the statement as a "reflection," which connotes a measured statement by a calm speaker. I take Collins Bey to be saying that defendants made this statement out of anger or annoyance, and that is a reasonable inference from the plain wording of the statement. But that statement alone isn't enough to support a viable due process claim.

In the prison disciplinary context, adjudicators are "entitled to a presumption of honesty and integrity," and "the constitutional standard for improper bias is high." *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003). Defendants made this statement only after hearing the evidence and convicting Collins Bey, and it's perhaps understandable that a hearing examiner might express displeasure with an inmate whom the examiner believes beat another prisoner. Collins Bey's version of events at most shows that defendants spoke intemperately toward him, which isn't enough to raise a reasonable inference that they were actually biased against him, particularly given the presumption of honesty and integrity that I must afford defendants in their role as hearing examiners. *See Pugh v. City of Attica*, 259 F.3d 619, 625 (7th Cir. 2001) (mere "scintilla of evidence" is not enough to create dispute of fact). Collins Bey's mere speculation that they were biased against him is not enough to create a dispute issue of material fact either. *See, e.g.*, *Herzog v. Graphic Packaging Int'l, Inc.*, 742 F.3d 802, 806 (7th Cir. 2014) (While nonmovant "is entitled . . . to all reasonable inferences in her favor, inferences that are supported by only speculation or conjecture will not defeat a summary judgment motion." (citation omitted)).

In summary, Collins Bey's deposition testimony is new evidence that materially changes the balance of evidence at summary judgment. Now absent statements suggesting that defendants fabricated an admission of guilt as part of their disciplinary decision, Collins Bey fails to present evidence that could lead a reasonable jury to conclude that defendants were biased against him in the disciplinary proceedings. So I will grant defendants' motion for reconsideration and grant their motion for summary judgment on these claims. That results in dismissal of the entire case.

ORDER

IT IS ORDERED that:

1. Attorney Robert N. Meyeroff's motion to withdraw from the case, Dkt. 62, is GRANTED.

2. Plaintiff Robert L. Collins Bey's motion for the court's assistance in recruiting him counsel, Dkt. 68, is DENIED.

3. Defendants' motion for sanctions, Dkt. 66, is DENIED.

4. Plaintiff's motion for sanctions, Dkt. 73, is DENIED.

5. Defendants' motion for reconsideration of the court's order denying in part their motion for summary judgment, Dkt. 65, is GRANTED. Defendants are GRANTED summary judgment on plaintiff's due process claims against defendants Anthony Ashworth and Garrie Trattles.

6. The clerk of court is directed to enter judgment for defendants and close this case.

Entered February 22, 2022.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge